JAMES FRANK WHITE and HENRY C. WHITE, trading as WHITE BROTHERS, *vs.* WILLIAM J. LOKEY and HARRY WILLIS.

LANDLORD AND TENANT—PERMITTING TRUCK IN STABLE HELD NOT TO CREATE TENANCY, SO AS TO SUBJECT IT TO LANDLORD'S WARRANT.
   An arrangement permitting an auto truck to be kept in a stable without the renting of a particular part thereof does not create the relation of landlord and tenant, so as to entitle the stable owner to seize and sell the truck under a landlord's warrant.

(*May* 19, 1920.)

Statement.

RICE and HEISEL, J. J., sitting.

*Lilburne Chandler* for plaintiffs.

*David J. Reinhardt* for defendant, Willis.

Superior Court for New Castle County, May Term, 1920.

REPLEVIN, No. 98, November Term, 1918.

Action by James Frank White and Henry C. White, trading as White Bros., against William J. Lokey and another. Directed verdict for plaintiffs.

Action by White Brothers, against William J. Lokey and Harry Willis. Lokey did not appear and defend. Directed verdict for plaintiffs.

The plaintiffs introduced evidence to show that they were in the business, in the City of Wilmington, of selling, renting and leasing motor-trucks and automobiles; that they leased and conditionally sold a motor-truck to William J. Lokey, one of the defendants, on the installment plan, with the understanding that the title in and to the truck was to remain in the plaintiffs until the last installment was paid; that an initial cash payment of $50 was to be made, and monthly payments thereafter of $100, until the sum of $1,534 had been paid; that upon making the initial payment, Lokey was allowed to take possession of the truck, whereupon he took out a license in his own name, and arranged to keep the truck in a stable in Wilmington owned by Thomas Porter; that only the first four monthly installments were paid, and after default, the plaintiffs permitted Lokey to retain and use the truck for five or six weeks, and then replevied it.

The defendant, Willis, introduced evidence to show that Lokey rented space for the truck in Porter's stable, at five dollars per month; that he paid the rent for awhile but finally became two months in arrears; that, also, about this time, an employe of Lokey, in driving the truck into Porter's stable, ran into a motor-cycled stored therein and badly damaged it, which damage Lokey promised to make good; that thereupon, Porter, hearing that Lokey intended to remove the truck from the stable, made distress of the truck by his bailiff for rent in arrear, which proceeded by regular steps to the sale of the truck at public sale;

that it was sold to Willis, for the sum of $375; that neither Porter nor the constable, making the sale, knew, before or at the time of the sale, that plaintiffs had any claim upon the truck.

In rebuttal, plaintiffs introduced evidence to show that neither they nor Lokey knew of the constable's sale until after it had taken place; that the defendant, Willis, had talked to plaintiffs about the purchase of the truck before the day of the sale, and had been told at that time that plaintiffs had leased it to Lokey and could not sell it until they knew what Lokey was going to do; that Lokey did not rent any particular space in Porter's stable for storing the truck, and did not always keep it in the same space; that Lokey had sent his son to Porter to tender the two months rent which he owed Porter and get the truck, and that when the son told Porter he had the money to pay the rent, Porter said, "You can't have the truck until the motor-cycle is fixed;" that thereafter the constable's sale of the truck occurred.

Request was made for binding instructions in favor of plaintiffs, for the reason that in order to create the relation of landlord and tenant, there must be some estate in the land, a tenancy for years, or for a year, or for months, or by the week, an interest in the land that goes beyond the mere question of storage or occupation of space; that under the facts in this case Lokey held no such interest, and distress would not lie. *Huddy on Automobiles*, §§ 242, 337; *Minneapolis Iron Store Co. v. Branum*, 36 *N. D.* 355, 162 *N. W.* 543, *L. R. A.* 1817E, 208; *Smith v. O'Brien*, 46 *Misc. Rep.* 325, 94 *N. Y. Supp* 673.

Counsel for defendant contended (1) that the lease of the truck should be construed as a conditional agreement of sale (*Williston on Sales* § 336; 35 *Cyc.* 656, 662); (2) that having established that it was a conditional sale, it then became proper to cite the case of *Robelen & Co. v. Nat. Bank of W. & B.*, 1 *Marv.* 346, 41 *Atl.* 80; (3) that there was a long line of Delaware cases to the effect that this sale could not be attacked collaterally; (4) that defendant, Willis, had a doubled-barreled defense, namely, that there was a lien on the truck at the time plaintiffs came to replevy it, and that under the livery-stable act a writ of

Opinion.

replevin would not lie.  *Waters & Co. v. Gerard,* 189 *N. Y.* 302, 82 *N. E.* 143, 24 *L. R. A.* (*N. S.*) 958, 121 *Am. St. Rep.* 886.

In reply, it was contended that the tender to Porter by Lokey's son of the rent in arrears, released any lien for rent there might have been on the truck.

RICE, J. :—The Court can find nothing in the evidence which could establish the relationship of landlord and tenant between Lokey, the defendant in the landlord's warrant, and Porter, the plaintiff in the warrant, and under which warrant the automobile was sold to Harry Willis, one of the defendants in this action. The evidence shows that Lokey arranged with Porter to keep the automobile in question at his, Porter's, stable, but there is no evidence to show that Lokey rented any part or portion of the stable from Porter.  Under such circumstances, Porter did not have the legal right to seize and sell the automobile under and by virtue of a landlord's warrant, and title thereto did not pass to the purchaser at such sale.  We believe there is no evidence in the case to show that any person or persons, except the plaintiffs in this action, were entitled to the immediate possession of the automobile in .question, the subject of this action of replevin

For the reason stated,  the jury are instructed to find a verdict in favor of the plaintiffs.

Verdict for plaintiffs for six cents.